```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------
UNITED STATES OF AMERICA,

            - against -                      18-cr-141 (JGK)

RICO GONZALEZ,                               OPINION AND ORDER

            Defendant.
-----------------------------------
```

JOHN G. KOELTL, District Judge:

On March 21, 2019, the defendant, Rico Gonzalez, pleaded guilty in case number 18-cr-141 to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant also pleaded guilty to one count of a superseding indictment in case number 18-cr-420 to conspiring, in violation of 21 U.S.C. § 846, to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). On July 25, 2019, the Court sentenced the defendant principally to 40 months' imprisonment to run concurrently on the counts of conviction in both cases, a sentence substantially below the Sentencing Guidelines range.

The defendant is scheduled to be released from the Metropolitan Detention Center ("MDC") on February 2, 2021. The defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 outbreak, the defendant's medical conditions, and conditions at the MDC. For

the reasons explained below, the application for compassionate release is **denied**.

## I.

As amended by Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), 18 U.S.C. § 3582(c) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that
>
> (1) in any case –
>
> (A) The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

When deciding a motion brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the threshold question is whether the defendant has shown that "extraordinary and compelling reasons"

2

exist to reduce the defendant's sentence. The relevant policy statement promulgated by the Sentencing Commission provides that a reduced sentence for "extraordinary and compelling reasons" may be based on the defendant's medical condition where the defendant is "suffering from a terminal illness" or where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). In addition, "extraordinary and compelling reasons" exist when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivisions (A) through (C) [of the policy statement]." Id. § 1B1.13 cmt. n.1(D).

If "extraordinary and compelling reasons" exist, the court must then assure itself that a reduced sentence would be consistent with the factors set out in 18 U.S.C. § 3553(a). See United States v. Lisi, -- F. Supp. 3d --, 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020). Finally, the policy statement requires the court to determined that the defendant is not a danger to the safety of any other person or to the community, as provided

in 18 U.S.C. § 3142(g)" before the court may reduce the defendant's sentence. U.S.S.G. § 1B1.13(2).[1]

## II.

In this case, the defendant has failed to establish that "extraordinary and compelling reasons" exist that warrant an immediate termination of the defendant's term of imprisonment. The defendant argues that "extraordinary and compelling reasons" exist based on a combination of his asthma, the COVID-19 outbreak, and conditions at the MDC.

The defendant argues that Application Note 1(D), the so-called "catch-all" provision of the relevant policy statement, U.S.S.G. § 1B1.13, provides a basis for relief.  Several courts within this district have noted that  "[w]hile the Policy statement pre-dates the First Step Act's procedural changes, the amendments to the compassionate release statute grant this Court the same discretion as that previously given to the BOP Director, and therefore the Court may independently evaluate whether a defendant has raised an extraordinary and compelling reason for compassionate release under the 'catch-all'

---

[1] A defendant must also comply with the procedural exhaustion requirement. There is no question in this case that the defendant has complied with the exhaustion requirement set out 18 U.S.C. § 3582(c)(1)(A). On March 25, 2020, Gonzalez wrote to the warden of the MDC seeking early release under the statute. On May 5, 2020, the warden notified Gonzalez that the request was denied. ECF No. 42-1. Because more than 30 days have elapsed after the defendant made his request to the warden, he has exhausted his administrative remedies and this motion is properly before the Court.

provision." United States v. Olszewski, No. 15-cr-364, 2020 WL 2420483, at *2 (S.D.N.Y. May 12, 2020) (alterations and quotation marks omitted) (collecting cases). The description of "extraordinary and compelling reasons" set out in U.S.S.G. § 1B1.13 provides "helpful guidance for considering motions for compassionate release." Id. In this case, although the defendant cites the "catch-all" provision of the policy statement as a basis for compassionate release, his application for release is based primarily on his asthma in combination with the risk posed to him by COVID-19 at the MDC, and he does not appear to make a separate argument under the "catch-all" provision.

    The defendant primarily cites his asthmas as the basis for his application. The defendant is 23 years old and his asthma has been described by MDC medical staff as "intermittent." The defendant was prescribed an albuterol inhaler in December 2019 to be used as needed for shortness of breath. The defendant's MDC medical records provided to the Court under seal show that the defendant's asthma history mainly consists of his childhood asthma, and that his current asthma is "no issue" according to the defendant. The defendant indicated that he had not used his albuterol inhaler in seven years and that he has not had any bouts of coughing, wheezing, or chest pain recently. Indeed, prior to sentencing, the defendant explained to the Probation

Department that he "has a history of asthma, but his condition is currently stable, and he is not using an inhaler." PSR ¶ 90.

Although the Centers for Disease Control ("CDC") notes that asthma may put people at higher risk for severe illness if they contract COVID-19, the CDC specifies that "moderate-to-severe asthma" is the kind of asthma that puts an individual at higher risk. See People Who are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention (June 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. The defendant's "intermittent" asthma is not, in and of itself, an extraordinary and compelling reason for immediate release in light of the minimal risk it poses to the defendant for severe illness if the defendant were to contract COVID-19. See United States v. Harding, No. 14-cr-226, 2020 WL 2988955, at *2 (D. Conn. June 4, 2020) (finding that a 34 year old with "mild intermittent" asthma failed to demonstrate that his asthma rises to a level to make him especially vulnerable to severe illness from COVID-19 and collecting cases).[2]

The defendant also claims that conditions at the MDC provide a basis for immediate release. However, the defendant's

---

[2] The Government notes that the defendant appears on MDC's high-risk list because of his "asthma", not because his asthma is "moderate to severe" as that term is understood by medical professionals. There is no basis to doubt that representation.

6

medical records indicate that he has received adequate medical care at the MDC. The records do not suggest that conditions at the MDC in combination with the defendant's asthma "substantially diminish[] the ability of the defendant to provide self-care within the environment of [the MDC] . . . ." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The medical records show that the defendant has been provided an albuterol inhaler to help him deal with his intermittent asthma, should he have trouble breathing. There is nothing else in the record to suggest that the MDC either has not or will not in the future provide the defendant with medical care to treat his intermittent asthma and any other medical complications that might arise.

In the defendant's reply, the defendant disputes the Government's representation that zero inmates at the MDC have COVID-19, noting that, on June 4, 2020, the BOP reported that there were nine inmates and forty staff that had tested positive for COVID-19, and that by another count, as of June 10, 2020, the MDC reported that three inmates and six staff members had tested positive for COVID-19. These numbers do not, at this time, change the fact that the defendant's intermittent and mild asthma, in the context of the conditions at the MDC, is not an

extraordinary and compelling reason justifying immediate release.[3]

The defendant has failed to demonstrate that there are "extraordinary and compelling reasons" that warrant a reduced sentence. On that basis alone, the defendant's application is denied. See United States v. Skelos, No. 15-cr-317, 2020 WL 2508739, at *3 (S.D.N.Y. May 15, 2020) ("Because the Court finds there are no extraordinary and compelling reasons warranting compassionate release in this case, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a), or Defendant's potential dangerousness.").

### III.

In any event, application of the sentencing factors in 18 U.S.C. § 3553(a) to the facts of this case also weighs against immediate release.

The defendant's offense conduct in this case alone was extremely serious, even without factoring in his involvement in a narcotics distribution conspiracy for which he received a concurrent sentence. The defendant fired a gun at four individuals at mid-day on a crowded residential street. Although no one was injured, a substantial sentence was necessary to

---

[3] In the papers, the parties also spend time discussing the comparative risks that the defendant may face at the MDC or at his home, were he to be released. It is unnecessary to resolve this issue because the defendant's medical condition in combination with conditions at the MDC do not provide a basis for immediate release.

reflect the seriousness of the offense and the need for deterrence. The Court, taking into account all the relevant factors in 18 U.S.C. § 3553(a), sentenced the defendant principally to 40 months' imprisonment, a sentence substantially below the Sentencing Guidelines range. At sentencing, the Court took into account the defendant's medical history as reflected in the presentence investigative report as well as the defendant's mental and psychological factors. Sent. Tr. at 10-11. Those characteristics of the defendant were relevant factors in the Court's determination that a sentence principally of 40 months' imprisonment was "sufficient, but not greater than necessary," to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). The remaining portion of the term of imprisonment is simply the final part of the sentence that the Court determined was sufficient, but not greater than necessary to accomplish the goals of sentencing. That calculation remains true today.

The defendant also remains a risk to the community within the meaning of 18 U.S.C. § 3142(g) for substantially the same reasons that the sentencing factors in 18 U.S.C. § 3553(a) weigh against immediate release in order to reflect the seriousness of the offense conduct.

Thus, in addition to the defendant's failure to demonstrate "extraordinary and compelling reasons" warranting a reduced sentence, application of the factors set out in 18 U.S.C.

9

§ 3553(a) and the defendant's continued dangerousness as set out in 18 U.S.C. § 3142(g) also do not favor a reduced sentence.[4]

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **denied**.

**SO ORDERED.**

**Dated:     New York, New York
            June 23, 2020**                /s/ John G. Koeltl
                                        **John G. Koeltl
                                        United States District Judge**

---

[4] Defense counsel represents that, consistent with BOP protocols, the defendant may be eligible for release to a halfway house as early as August 2020. This possibility would allow the defendant to obtain some of the relief he seeks in this application to the extent that he would be removed from the MDC.